

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00580-CV

**IN THE INTEREST OF L.T.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-00433
Honorable Karen H. Pozza, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Karen Angelini, Justice
                  Marialyn Barnard, Justice

Delivered and Filed:  January 17, 2018

AFFIRMED

This is an accelerated appeal from the trial court's order terminating appellant's parental rights to his son, L.T.[1]  In two issues, appellant challenges the sufficiency of the evidence in support of the trial court's findings that appellant (1) engaged in conduct or knowingly placed L.T. with persons who engaged in conduct that endangered L.T.'s physical or emotional well-being; and (2) failed to comply with the provisions of a court order specifically establishing the actions necessary for appellant to obtain the return of L.T.  TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (O) (West Supp. 2017).  We affirm the trial court's Order of Termination because we find sufficient evidence supports at least one statutory ground for termination of appellant's parental rights.

---

[1] L.T. was born on February 22, 2016.  The termination hearing commenced on August 22, 2017.

**BACKGROUND**

Greg Johnson, an investigator for the Department of Family and Protective Services ("the Department"), testified the first referral of the case to the Department was based on neglectful supervision by the child's mother. The mother admitted using drugs and excessive drinking of alcohol. When the child was born prematurely, Johnson was unable to speak to the mother because she was intubated due to blood loss during the pregnancy. Johnson moved for exigent removal because the mother could not make decisions for herself or her child due to her own medical condition. L.T. was on a feeding tube, and if any surgery was required, the mother was unable to make those decisions. After the child's removal, Johnson spoke to appellant for the first time. Appellant said he assumed the child's condition was the result of the mother's use of drugs. According to Johnson, appellant did not try to stop her from using drugs.

Shamica Adkins, the Department caseworker assigned to L.T.'s case, testified she came into the case in July 2016, and she first spoke to both parents sometime in August 2016. Adkins developed family plans for both parents, and both parents understood the terms of the family plan. Appellant's family plan required him to complete parenting and domestic violence classes, maintain employment, engage in individual counseling and drug and alcohol assessment, and maintain housing. According to Adkins, appellant completed his parenting class and his drug and alcohol assessment, and he was employed and had housing. Appellant began, but did not complete, individual counseling. Adkins said appellant stopped his counseling in February, and he did not attend his recommended Narcotics Anonymous ("NA") classes.

Appellant acknowledged his psychosocial evaluation recommended NA classes, but he said he did not attend any NA classes because he was told, after his drug evaluation, that he did not need to attend. Appellant testified he went to six counseling sessions, but then stopped because

he thought "it was a waste of [his] time." He also admitted he had not taken a family violence class.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE § 161.001(b)(1),(2); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE § 161.206(a); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE § 101.007 (West 2014).

When reviewing the sufficiency of the evidence, we apply the well-established standard of review. *See id.* §§ 101.007, 161.206(a); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency). Only one predicate finding under section 161.001(1) is necessary to support an order of termination when there is also a finding that termination is in the child's best interest.[2] *In re A.V.*, 113 S.W.3d at 362. One of the several grounds alleged by the Department involved subsection (O) of Family Code section 161.001(b)(1), which permits termination if the trial court finds by clear and convincing evidence that the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the

---

[2] In this appeal, appellant does not challenge the trial court's finding that termination of his parental rights is in L.T.'s best interest.

parent under Chapter 262 for the abuse or neglect of the child."  TEX. FAM. CODE § 161.001(b)(1)(O).

## COMPLIANCE WITH COURT ORDER

"Parents frequently fall short of strict compliance with a family-service plan's requirements."  *In re S.M.R.*, 434 S.W.3d 576, 584 (Tex. 2014).  "But whether a parent has done enough under the family-service plan to defeat termination under subpart (O) is ordinarily a fact question."  *Id.*  Here, appellant understood his ability to obtain return of his son depended on his completing his service plan and that failure to do so could result in termination of his parental rights.  Appellant's family plan required him to attend NA meetings, which he failed to do.  He admitted he did not take any family violence classes.  More importantly, appellant stated he stopped his counseling after six sessions because they were a waste of his time.

Based on this record, we conclude the fact-finder could have formed a firm conviction and belief that appellant knowingly failed to comply with the provisions of a court order specifying the actions necessary for him to obtain the return of his child.  Consequently, the record contains both legally and factually sufficient evidence to support at least one statutory ground warranting termination of the parental relationship.[3]

## CONCLUSION

For the reasons stated above, we affirm the trial court's Order of Termination.

Sandee Bryan Marion, Chief Justice

---

[3] The remaining issue need not be addressed because it involves the sufficiency of the evidence to support the other statutory ground upon which termination was based.  Our having found one ground to be sufficiently supported by the evidence, review of the other is unnecessary.  *See In re A.V.*, 113 S.W.3d at 362.